IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN W. RICHARDSON,

    Plaintiff,                  No. CIV S-08-3144 DAD P

    vs.

DEP'T OF JUSTICE et al.,          ORDER

    Defendants.

_____/

        Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

the preceding month's income credited to plaintiff's trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, plaintiff has identified as the defendants the Department of Justice, the Stanislaus County Superior Court, the Sacramento County Superior Court, California Attorney General Edmund Brown, the California Department of Corrections and Rehabilitation, the Merced Department of Parole, the Merced Police Department, Assistant Manager of the Sex

Offender Tracking Program Dolores Haste, and the Bureau of Criminal Information and Analysis. (Compl. Attach.)

Plaintiff's complaint is difficult to decipher. It appears, however, that the core of plaintiff's complaint is his claim that he should not be forced to register as a sex offender. Specifically, plaintiff alleges that he has been convicted of a number of crimes, but that the trial courts in those cases have not required him to register as a sex offender. Plaintiff alleges that one Roy Richardson, who is required to register as a sex offender, has used his name and as a result, plaintiff's criminal record wrongly indicates that he is required to register as a sex offender. In this regard, plaintiff alleges that, on July 28, 2005, he was arrested for failing to register as a sex offender and was forced to plead guilty in the case even though his public defender and the trial court allegedly knew that he was not required to register as a sex offender. (Compl. Attach.)

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff elects to proceed with this action by filing an amended complaint, he is advised that all defendants must be identified in the caption of his pleading and that all defendants must be named, with position and place of employment, in the section of the form designated for that purpose. Plaintiff may not simply identify defendants as "Merced Department of Parole," "Merced Police Department," or "Bureau of Criminal Information and Analysis."

Plaintiff is advised that the court cannot order service of a complaint on defendants not actually identified by name in his amended complaint.

In addition, plaintiff is advised that the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332, 340 (1979); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the California Department of Corrections and Rehabilitation has not consented to suit. Accordingly, if plaintiff presents claims against this agency in his amended complaint, the court will recommend that they be dismissed as frivolous. Also, it is not clear why plaintiff has identified the Stanislaus County Superior Court and the Sacramento County Superior Court as defendants. However, plaintiff is advised that, to the extent that he disagrees with a decision by either of the courts, his recourse is an appeal in those courts.

Finally, plaintiff is advised that in any amended complaint, he must demonstrate how the conditions he complains of have resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). He must allege in specific terms how each named defendant was involved in the deprivation of his rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is cautioned that a civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). In contrast, habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411

/////

U.S. 475, 484 (1973). To the extent that plaintiff is seeking to overturn his arrest and conviction for failing to register as a sex offender, a writ of habeas corpus is his sole remedy.

Plaintiff is further cautioned that in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that a prisoner may not recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by actions whose unlawfulness would render the imprisonment invalid, unless he can prove that the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. The legality of a person's confinement is implicated where "in substance his damages may only be measured by that confinement." Butterfield v. Bail, 120 F.3d 1023, 1025 (9th Cir. 1997). In this regard, if plaintiff is claiming that the defendants violated his federal constitutional rights and as a result he was arrested and convicted, plaintiff may not recover damages in this action unless he can prove that his conviction has been reversed.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's December 29, 2008 application to proceed in forma pauperis (Doc. No. 2) is granted.

/////

/////

6

1       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento County filed concurrently herewith.

      3. Plaintiff's complaint is dismissed.

      4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

      5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: March 23, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
rich3144.14a