IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN W. RICHARDSON,

    Plaintiff,                      No. CIV S-08-3144 DAD P

    vs.

DEP'T OF JUSTICE et al.,         ORDER AND

    Defendants.              FINDINGS AND RECOMMENDATIONS

        Plaintiff, currently confined at Rio Cosumnes Correctional Center, is proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint.

**SCREENING REQUIREMENT**

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

/////

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

2

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S AMENDED COMPLAINT**

In plaintiff's amended complaint, he identifies the Stanislaus County Superior Court, the Merced Parole/Police Department, and the California Department of Corrections and Rehabilitation as the defendants in this action. In his complaint, plaintiff alleges as follows. On August 28, 1986, he was convicted of violating California Penal Code § 314.1 (misdemeanor indecent exposure). In June 2001, the Merced Police Department advised him that he was required to register as a sex offender pursuant to California Penal Code § 290. According to plaintiff, he registered as a sex offender, but in 2003, after he was discharged from parole he thought his obligation to register as a sex offender had been discharged as well. Evidently, however, plaintiff is subject to a lifetime registration requirement. In terms of relief, plaintiff asks the court for a certificate of rehabilitation and exemption from the lifetime registration requirement. (Compl. at 11 & Attach.)

**DISCUSSION**

A civil rights action such as this one is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). In contrast, habeas corpus proceedings are the proper mechanism for a prisoner

3

seeking to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). In this case, although plaintiff's allegations are vague and conclusory, the court finds that plaintiff's complaint implicates the validity of his current and/or past confinement. Plaintiff has not indicated that any of his prior convictions have been overturned or otherwise invalidated. Accordingly, a writ of habeas corpus is plaintiff's sole remedy in federal court which may be pursued by plaintiff, only after exhausting all of his constitutional claims in state court. See, e.g., Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (a state prisoner may not recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by "actions whose unlawfulness would render the imprisonment invalid," unless he can prove that the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus).

## CONCLUSION

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

4

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 9, 2010.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
rich3144.56

5